# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2016

Lyle W. Cayce
Clerk

No. 15-40229

CARLA FREW; CHARLOTTE GARVIN, as next friend of her minor children Johnny Martinez, Brooklyn Garvin and BreAnna Garvin; CLASS MEMBERS; NICOLE CARROLL, Class Representative; MARIA AYALA, as next friend of her minor children, Christopher Arizola, Leonard Jimenez, and Joseph Veliz; MARY JANE GARZA, as next friend of her minor children, Hilary Garza and Sarah Renea Garza,

>           Plaintiffs - Appellants

v.

M.D. KYLE JANEK; M.D. DAVID L. LAKEY,

>           Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas

Before HIGGINBOTHAM, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:

The Parties' Petitions for Panel Rehearing are DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, (FED R. APP. P. and 5TH CIR. R. 35), Appellees' Petition for Rehearing En Banc is also DENIED.

On remand, the district court may consider the vacated portions of its order under either prong 1 of Rule 60(b)(5) (the judgment has been satisfied,

No. 15-40229

released, or discharged), prong 3 of Rule 60(b)(5) (applying it prospectively is no longer equitable), or both.[1] We were unable to determine whether the able district court's decision under prong 1 or prong 3 of Rule 60(b)(5) would have been the same with the "shortage" metric that this Court found controlled. Given the considerable flexibility accorded state implementation of its policies with attendant protected deference, the Supreme Court in *Horne* left to courts under Rule 60(b)(5), and district courts in the first instance, to make that call. The deference in turn due to the presiding district court judge reflects its greater appreciation of the consent decree in operation and, nuances aside, its ability to decide if the decree has lived its life—leaving attending, ongoing societal ills to the political processes of today.

As for Appellees' argument as it relates to prong 1 that they do not have the information to analyze the second part of the panel opinion's "shortage" metric (average client load of the relevant class of provider), we disagree. Like the parties in *Frew v. Gilbert*[2] and *Frew v. Hawkins*,[3] the parties here may use witnesses, and/or develop other methods for retrieving the necessary information, should the district court find the inquiry necessary.

The other arguments raised by the parties in their petitions for panel rehearing are unpersuasive.

---

[1] *See Horne v. Flores*, 557 U.S. 433, 454 (2009) ("Use of the disjunctive 'or' [in Rule 60(b)(5)] makes it clear that each of the provision's three grounds for relief is independently sufficient and therefore that relief may be warranted even if petitioners have not 'satisfied' the original order.").

[2] 109 F. Supp. 2d 579, 604 (E.D. Tex. 2000), *vacated sub nom. Frazar v. Gilbert*, 300 F.3d 530 (5th Cir. 2002), *rev'd sub nom. Frew ex rel. Frew v. Hawkins*, 540 U.S. 431 (2004).

[3] 401 F. Supp. 2d 619, 656–57 (E.D. Tex. 2005), *aff'd sub nom. Frazar v. Ladd*, 457 F.3d 432 (5th Cir. 2006).